O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s):
--- | ---
Not Present | Not Present

**Proceedings:** (In Chambers) Order GRANTING in part and DENYING in part Defendant's Motion for Summary Judgment

     Pending before this Court is Defendant's Motion for Summary Judgement. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and DENIES in part Defendant's Motion.

I.    BACKGROUND

     Defendant McDonald's presently owns and operates approximately 158 restaurants in California (Tossi Dec. ¶ 4.) From November 15, 2005 though February 25, 2006, Plaintiff Deanna M. Kimoto worked as an hourly, non-exempt crew member at the McDonald's in Clovis, California. (UF ¶ 1.) On some days during her employment, Plaintiff's rest periods were not provided at the times she requested them; instead, they were provided toward the end of her shift. (UF ¶ 6.) Plaintiff also alleges that she was not always provided timely meal periods. (Compl. ¶¶ 17, 19.) Plaintiff claims that she is therefore entitled to compensation. (Compl. ¶¶ 25-27.) The Complaint further alleges that Defendant's failure to provide lawful meal and rest breaks resulted in inaccurate wage statements provided to Plaintiff, in violation of Cal. Lab. Code § 226(a). (Compl. ¶ 30.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

On May 17, 2006, Plaintiff filed a class action complaint[1] against Defendant McDonald's Corporation and other Doe defendants in state court, alleging claims for compensation for missed meal and rest periods including waiting time penalties (Cal. Lab. Code §§ 203, 226.7 and 558, and Wage Order 5-2001); wages due including waiting time penalties (Cal. Lab. Code §§ 201-203 and 1194.2, and Wage Order 5-2001); failure to comply with itemized employee wage statement provisions and to maintain records at a centralized location (Cal. Lab. Code §§ 226, 558 and 1174); and unfair competition (Cal. Bus. & Prof. Code, §§ 1700 *et seq*.). On May 17, 2006, Defendant removed the case to federal court. Defendant now seeks summary judgment on all Plaintiff's claims.

II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The party opposing the motion "need only present evidence from which a jury might return a verdict in his favor" in order to survive a motion for summary judgment. *Id.* at 257.

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-251.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence in evidence, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e)(1).

---

[1] Because the Court denied class certification on August 21, 2008, the Court addresses only Plaintiff's individual claims herein.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

III.   DISCUSSION

Defendant moves for summary judgement on a number of grounds. The Court will discuss each in turn.

   A.   *Rest and Meal Period Claims*

In her first and second causes of action, Plaintiff alleges that she is entitled to wages and other compensation because she was not always provided timely and lawful meal and rest periods as required by Wage Order 5-2001, §§ 11(A) and 12(A), and Cal. Lab. Code § 226.7.

California's meal and rest break requirements are set forth in both the California Labor Code and in Wage Orders promulgated by the Industrial Welfare Commission ("IWC"). The IWC is a quasi-legislative body authorized by statute to promulgate orders regulating wages, hours, and conditions of employment for employees throughout California. *Nordquist v. McGraw-Hill Broadcasting Co., Inc.*, 32 Cal. App. 4th 555, 562, 38 Cal. Rptr. 2d 221 (1995). Pursuant to this authority, the IWC has promulgated seventeen different "wage orders" that apply to various groups of employees. Cal. Code Regs. tit. 8, §§ 11010- 11170. The Ninth Circuit has stated that IWC wage orders are "quasi-legislative regulations that are to be interpreted in the same manner as statutes." *Watkins v. Ameripride Services,* 375 F.3d 821, 825 (9th Cir. 2004).

   Cal. Lab. Code § 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Section 12 of Wage Order 5 provides, in relevant part:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily time is less than three and on-half (3½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

8 Cal. Admin. Code § 11050(12).

The parties dispute the meaning of the phrase "authorize and permit . . . rest periods" and "provide an employee a rest period" in Wage Order 5-2001. Defendant argues that this language means that an employer is required to make meal and rest periods *available* to an employee if he or she wants to take advantage of them, but not that the employer must *ensure* that such periods are taken. Plaintiff, on the other hand, contends that California law requires an employer to affirmatively ensure that meal and rest periods are taken.

When interpreting state law, federal courts are bound by decision of the state's highest court. *In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990). In the absence of such a decision, a federal court should apply the rule that it believes the state supreme court would adopt if faced with the same issue. *See Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995). In its Order of August 21, 2008 denying class certification, this Court held that if the issue were before the California Supreme Court, that Court would adopt Defendant's construction of the meal and rest period provisions. Therefore, in order to prevail on its motion for summary judgment, Defendant must forth evidence establishing that there is no genuine issue of material fact as to whether McDonald's provided or authorized Plaintiff to take all meal and rest breaks to which she was entitled.

    *(1)    Rest Periods*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

  Defendant contends it is entitled to summary adjudication of Plaintiff's rest period claims because Plaintiff cannot prove that it was practicable for McDonald's to provide a rest period in the middle of her work periods on the occasions at issue. McDonald's acknowledges that Section 12 of Wage Order 5 requires employers to authorize rest breaks in the middle of the work period "insofar as practicable," but contends that Plaintiff has failed to submit evidence establishing that it was practicable for McDonald's to provide her rest periods in the middle of her work periods, rather than at the end of her shifts.

  McDonald's misconstrues Plaintiff's burden. The violation of law which Plaintiff alleges is grounded not in McDonald's alleged failure to provide rest periods in the *middle* of each four-hour work period. Rather, Plaintiff has presented evidence that she was not allowed to take a rest period *at all* within the first four hours of her shift and that McDonald's forced her to aggregate her paid rest breaks and take them together at the end of a shift lasting six to eight hours. (*See* Plaintiff's Ex. 3, at 161; *Id.* at 162.)

  Section 12 clearly states that the "[t]he authorized rest period time shall be based on the total hours worked daily at rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." 8 Cal. Admin. Code § 11050(12). Moreover, employers have no discretion in granting meal or rest periods. *See* Cal. Lab. Code § 226.7(a) ("No employer shall require an employee to work during any meal or rest period."); *Corder v. Houston's Restaurants*, 424 F. Supp. 2d 1205, 1209 (C.D. Cal. 2006) ("If an employee, for example, works five consecutive hours without receiving the required ten minute break, he or she is still compensated for every minute of work performed. The payment mandated by section 226.7 is a fixed sum that becomes due at the moment a break period is missed.") Thus, if an employee works an eight-hour shift, an employer may not aggregate the two ten-minute breaks and require the employee to take those at the end of his or her shift. The first ten minute break must occur within the first four-hour period, and the second must occur within the second four-hour period. *See Brinker Rest. Corp. v. Sup. Ct.,* 165 Cal. App. 4th 25, __, 80 Cal. Rptr. 3d 781, 800 (2008) (stating that employees need be afforded one 10-minute rest break every four hours "or major fraction thereof").

  As Defendant concedes, Plaintiff has presented evidence that on four instances, she was not provided her paid 10-minute rest periods until the end of a shift lasting more than four hours. Defendant responds by arguing that Plaintiff has failed to show that she was not authorized by Defendant to take a rest break in the first four hours of work. Defendant claims that the absence of time-punch records in the morning does not prove that Plaintiff was prevented from taking a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

break; rather, Defendant argues, Plaintiff may have taken a rest break but forgotten to clock in and out. Alternatively, Defendant suggests that Plaintiff may have voluntarily waived her rest period.

Time records provided by Plaintiff, however, undermine Defendant's argument. On two occasions, Plaintiff worked for eight hours before clocking out for a rest break. (Plaintiff's Ex. 3 at 161, 162.) At the end of each of these shifts, the time records show that Plaintiff took her two ten-minute rest periods in succession, then immediately clocked out for the day. (*Id.*) It seems unlikely that Defendant authorized Plaintiff to take a *third* break earlier in the day, above and beyond the two paid rest periods required by law, and that Plaintiff simply forgot to punch in and out.

Moreover, Plaintiff has submitted evidence that would allow a reasonable jury to conclude that on the occasions she did not take a rest break during the first four hours of her shift, it was because her supervisor did not allow her to do so. Plaintiff testified in her deposition that she "wasn't allowed to take [her] rest periods until the end of [her] shift." (Plaintiff's Ex. 1, at 19:17-18.) She also testified that on some occasions, she was forced to remain at the store for twenty minutes at the end of her shift to sit out her breaks and that her legs hurt "from *not being able* to take [breaks] during the day." (Plaintiff's Ex. 1, at 27:22-28:7.) Plaintiff has raised a triable issue of material fact as to whether McDonald's failed to provide her lawful rest breaks. The Court therefore DENIES Defendant's motion for summary judgment on Plaintiff's rest period claims.

      *(2)    Meal Period Claims*

Plaintiff argues that Defendant violated Cal. Lab. Code § 512(a) by failing to provide Plaintiff with required meal periods. Section 512(a) provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

      the second meal period may be waived by mutual consent of the employer
      and the employee only if the first meal period was not waived.

Defendant argues that it is entitled to summary judgment on Plaintiff's meal period claims because Plaintiff has failed to provide evidence that McDonald's forced her to forego any of her meal periods. Defendant claims that Plaintiff's managers never interrupted any of her meal periods to ask her to perform work, nor did they ever ask her to skip a meal period. (UF ¶ 16.)

      Although an employer need only provide or authorize a meal break, not affirmatively ensure that it is taken, the burden still falls upon the employer to ensure that an employee is relieved of all duty during her meal period. *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007). Plaintiff testified that she stocked shelves during one of her meal periods, although she did not remember why she did so. (SGI ¶ 16.) When asked why she performed this task during a meal period, Plaintiff testified that she "would assume" that she "must have had to do it." (UF ¶ 15.) The Court finds that a reasonable jury could determine that Defendant failed to "provide" Plaintiff with an uninterrupted meal period by relieving her of all duties on at least one occasion. Therefore, the Court DENIES Defendant's motion for summary judgment as to Plaintiff's meal period claim.

      *B.*     *Overtime Claim*

      Plaintiff's second cause of action includes a claim for overtime pay where payment of wages allegedly due would have caused her to exceed eight hours of work a day or forty hours per week. In other words, Plaintiff alleges that to the extent she worked during a meal period, it may have caused her to incur overtime for which she was not paid. Defendant moves for summary judgment on this issue, arguing that Plaintiff has failed to identify a date on which she worked through a meal period or to show that she worked any overtime at all.

      Plaintiff agrees that her overtime claim is derivative of her meal and rest break claims. Because the Court declines to grant Defendant's motion for summary judgment on Plaintiff's meal and rest period claims, as discussed above, the Court DENIES summary judgment on Plaintiff's overtime claim.

      *C.*     *Wage Statement Claim*

      Defendant moves for summary judgment on Plaintiff's claim that the wage statements

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

Defendant issued to Plaintiff violated Cal. Lab. Code § 226. Section 226 requires that wage statements contain, among other things, the wages earned, total hours worked by the employee, and the name and address of the legal entity that is the employer. Defendant contends that it is entitled to summary judgment on this issue because: (1) Plaintiff's claim that Defendant failed to provide accurate itemized wage statements is derivative of Plaintiff's meal and rest period claims and (2) Plaintiff has not suffered an injury as a result of the inaccurate employer name and address appearing on her wage statements.

*(1)    Failure to Provide Accurate Itemized Wage Statements*

Plaintiff alleges that McDonald's failed to provide her with accurate itemized wage statements, a result of its failure to provide Plaintiff lawful rest and meal periods. (Compl. ¶ 30.) Defendant argues that this claim should be disposed of as wholly derivative of Plaintiff's meal and rest period claims. Because the Court declines to grant summary judgment as to Plaintiff's meal and rest period claims, as discussed above, the Court DENIES summary judgment on this ground.

*(2)    Inaccurate Employer Name and Address*

Plaintiff also alleges that Defendant violated Cal. Lab. Code § 226(a) by failing to provide her with wage statements that accurately reflected the name and address of her employer. (Compl. ¶ 30.) It appears to be undisputed that Plaintiff's wage statement indicated that she was employed by "McDonald's of Peach & Shaw," rather than "McDonald's Corporation" in Illinois. (See UF ¶ 18; Motion 15:13-16; Opp. 10.) Defendant moves for summary judgment on this claim, arguing that Plaintiff has failed to show an "injury" under § 226(e), which, Defendant argues, forms the only basis for a private right of action under § 226(a). Plaintiff admitted in her deposition that she did not suffer an economic injury as a result of the inaccurate employer name on her wage statement. (Kimoto Dep. 145:3-25.) However, she claims that any employee who receives a wage statement that violates § 226(a) suffers an injury. (SGI ¶ 18.)

Section 226(e) reads:

> An employee *suffering injury* as a result of a knowing and intentional failure to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

    violation occurs and one hundred dollars ($100) per employee for each
violation in a subsequent pay period, not exceeding an aggregate penalty of
four thousand dollars ($4000), and is entitled to an award of costs and
reasonable attorneys fees.

(emphasis added). Plaintiff's argument ignores the plain language of § 226(e), which clearly limits the right to bring a cause of action to those who have suffered an injury. *Elliot v. Spherion Pac. Work,* No. CV 06-5032, __ F. Supp. 2d __, 2008 WL 3851814, at *10-11 (C.D. Cal. Aug. 13, 2008) (finding of no injury precludes claim for statutory damages under § 226).

    As a matter of law, then, Plaintiff must demonstrate an injury to establish standing under § 226(e). However, while Plaintiff admitted that she suffered no injury resulting from the incorrect employer name appearing on her wage statements, she has presented evidence establishing a material issue of fact as to whether she suffered injury as a result of McDonald's alleged failure to provide for the payment of all wages due and to account for missed meal periods. For example, Plaintiff may be due overtime as a result of being required to work during a meal period during a shift lasting more than eight hours. *See Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1050 (C.D. Cal. 2006) (employees suffered injury resulting from a violation of § 226 when they may not have been paid overtime to which they were entitled).

    Furthermore, while an employee must establish injury to bring a cause of action under § 226(e), there is no such limitation on standing under § 226(g), which allows an employee to bring a suit for injunctive relief to ensure compliance with the statute.[2] Cal. Lab. Code § 226(g); *Wang*, 435 F. Supp. at 1050 n.6. Thus, while Plaintiff's lack of injury prevents her from seeking the statutory penalties for McDonald's alleged failure to provide accurate wage statements, she may pursue her claim for injunctive relief to ensure Defendant's compliance with § 226(a). (*See* Compl. ¶ 32.)

    For the foregoing reasons, the Court DENIES Defendant's motion for summary judgment as to Plaintiff's wage statement claim.

---

    [2]A plaintiff suing for injunctive relief may also recover costs and attorneys' fees.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

### D. Records Retention Claim

Defendant moves for summary judgment on Plaintiff's claim that Defendant failed to keep accurate and complete records as required by Cal. Lab. Code § 1174. First, Defendant argues that Plaintiff lacks standing to bring a private right of action under Cal. Lab. Code § 1174(d). Second, Defendant maintains that it is undisputed that McDonald's practices comply with § 1174(d), which requires employers to maintain and preserve in a centralized location in the State of California records showing names and addresses of all employees, as well as payroll records showing the hours worked and wages paid to its employees. Plaintiff does not dispute that McDonald's keeps payroll registers showing deductions and time reports showing each employee's daily hours worked at each McDonald's restaurant and then stores these records indefinitely at a storage facility in Fresno, California. (UF ¶ 21.) Moreover, Plaintiff does not oppose summary judgment on this ground. (Opp. 17:22-28.)

Accordingly, because there is no genuine issue of material fact for trial, the Court GRANTS Defendant's motion for summary judgment on Plaintiff's records retention claim. Because this finding is sufficient to dispose of Plaintiff's claim, the Court declines to address whether a plaintiff may bring a private right of action under Labor Code § 1174(d).

### E. Unfair Competition Claim

Plaintiff's fourth cause of action seeks relief under California's unfair competition law, Business and Professions Code §§ 17200 *et seq*. Defendant moves for summary judgment on this claim, arguing that it is derivative of Plaintiff's meal and rest period, itemized wage statement, and records retention claims, and that each of those claims fails as a matter of law. Plaintiff concedes that her unfair competition claim is "wholly derivative" of her meal and rest break claims. (Opp. 17:20-22.) Because the Court declines to grant Defendant's motion for summary judgment on Plaintiff's meal and rest period claims, as discussed above, the Court DENIES summary judgment on Plaintiff's unfair competition claim.

### IV. CONCLUSION

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-3032 PSG (FMOx) | Date | August 28, 2008 |
|---|---|---|---|
| Title | Deanna M. Kimoto, *et al.* v. McDonald's Corp., *et al.* | | |

    For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED in part and GRANTED in part. The Court DENIES the Motion as to Counts 1, 2, and 4, and as to Plaintiff's wage statement claim. The Court GRANTS the Motion as to Plaintiff's records retention claim.

    IT IS SO ORDERED.

                                                                                                                                                                  _____ : _____

                                                           Initials of Preparer